[No. H007242. Sixth Dist. Feb. 13, 1991.]

EMMA PUGH, Plaintiff and Respondent, v.
STATE FARM INSURANCE COMPANIES, Defendant and
Appellant.

Counsel

Nagle, Vale, McDowall, Cotter & Dunn and Bernard T. Cotter for Defendant and Appellant.

Ian R. Yourtz for Plaintiff and Respondent.

## Opinion

COTTLE, J.—Defendant State Farm Insurance Companies (State Farm) appeals from a judgment confirming an arbitration award rendered in favor of its insured, plaintiff Emma Pugh, on her uninsured motorist claim. The award followed binding arbitration ordered after Pugh filed a petition to compel arbitration in the superior court. State Farm opposed the petition on grounds the one-year statute of limitations had passed. Pugh claimed the limitations period was tolled because State Farm did not provide her with written notice of the limitations period 30 days prior to its expiration. (See Ins. Code, § 11580.2, subd. (k).)[1] State Farm claimed it did not need to provide her with notice because it received oral notification that she was represented by counsel. An insurer is not required to notify its insured of the applicable statute of limitations "if the insurer has received notice that the insured is represented by an attorney." (§ 11580.2, subd. (k).)

The trial court granted Pugh's petition, ruling that notice of attorney representation must be in writing to absolve the insurer of its statutory duty to notify the insured. On appeal from the judgment confirming the

[1] All further statutory references are to the Insurance Code. The Uninsured Motorist Act is contained in sections 11580.06 to 11580.5.

arbitrator's award, State Farm contends (1) Pugh's petition was untimely, and section 11580.2, subdivision (k) does not require an insurer to give written notice of the statute of limitations when the insurer has received oral notice an insured is represented by counsel, or (2) alternatively, if written notice of attorney representation is required, the parties by their agreement to accept a different form of notice are now mutually estopped from requiring written notice. We shall affirm the judgment.

FACTS

Pugh was insured by State Farm under a policy which included uninsured motorist coverage. On June 14, 1988, she was struck by a hit-and-run motorist while driving her car. She submitted a claim to State Farm.[2] State Farm assigned her claim to Roger DuMont of T. J. Dooley Adjusting Company.

On July 14, 1988, Pugh's husband contacted DuMont. Four days later, DuMont sent Mr. Pugh a letter recapping their conversation as follows: "[Y]ou were very much interested in your wife's claim and wanted to be present at any communication regarding the claim. You said that you . . . talked briefly with an attorney but were not presently represented by him." On August 29, 1988, DuMont allegedly sent a second letter to Pugh, asking if she intended to pursue her claim.[3] There were no further communications between State Farm and Pugh.

On February 17, 1989, DuMont advised State Farm's claims supervisor in "Progress Report—Number 4": "Although I was not able to develop any relationship with the insured, I've now been contacted by his attorney with whom I can talk. Attorney Brian Faber, 1100 Alma, Menlo Park, CA 94025, advised that he is representing the insured and will be furnishing me with medical information as soon as he is able to compile it. I'll evaluate and advise you as soon as I have that documentation."[4]

On May 31, 1989, another claims adjuster advised State Farm in "Progress Report—Number 5" that he "contacted the attorney for the claimant and requested that they provide us with current status in regards to medical specials and treatment of their client." The adjuster did not state the name

---

[2] Hit-and-run accidents are covered under uninsured motorist coverage if 3 prerequisites are met: (1) physical contact with the unknown vehicle; (2) report of the accident to police within 24 hours; and (3) filing of a claim with the insurer within 30 days. (§ 11580.2, subd. (b).)

[3] The second letter is not a part of the record on appeal.

[4] Brian Faber is not an attorney. He apparently was, or is, employed as a paralegal in the law offices of Pugh's present counsel.

of the person to whom he talked. Furthermore, there are no records or written communications of any kind between State Farm's adjusting company and Pugh's "attorney" in the record on appeal.

On August 1, 1989, Pugh's present counsel, Ian R. Yourtz, allegedly notified State Farm that Pugh was represented by counsel. State Farm allegedly responded that Pugh's claim was barred by the statute of limitations.[5] Thereafter, Pugh filed a petition to compel arbitration. After a contested hearing, the court granted her petition. State Farm timely appeals from the judgment confirming the arbitrator's award.

## DISCUSSION

No cause of action will accrue under the uninsured motorist provisions of any policy unless, within one year from the date of the accident, the insured takes one of the following actions: (1) files suit against the uninsured motorist in a court of competent jurisdiction; (2) concludes an agreement as to the amount due under the policy; or (3) formally institutes arbitration proceedings. (§ 11580.2, subd. (i).)

For an insurer to rely on the one-year statute, however, the insurer must notify its insured in writing of the limitations period. Failure to do so tolls the statute. Section 11580.2, subdivision (k) provides: "Notwithstanding subdivision (i), any insurer whose insured has made a claim under his or her uninsured motorist coverage, and the claim is pending, shall, at least 30 days before the expiration of the applicable statute of limitation, notify its insured in writing of the statute of limitation applicable to the injury or death. Failure of the insurer to provide the written notice shall operate to toll any applicable statute of limitation or other time limitation for a period of 30 days from the date the written notice is actually given. *The notice shall not be required if the insurer has received notice that the insured is represented by an attorney.*" (Italics added.)

■■■ The issue before this court, an issue of first impression, is whether the notice of legal representation must be in writing or whether oral notice is sufficient.

Pugh, whose petition to compel arbitration was filed 14 months after the accident and was therefore untimely unless the statute was tolled, claims that written notice is required. She relies on sections 8 and 38 of the Insurance Code and on an opinion construing a different subdivision of section

---

[5] Neither party's correspondence is included in the record on appeal.

11580.2, *State Farm Mut. Auto. Ins. Co.* v. *Patton* (1987) 194 Cal.App.3d 626 [239 Cal.Rptr. 750].

Both section 8 and section 38 are included under the code's "General Provisions." Section 8 provides that "[w]henever any notice, report, statement or record is required or authorized by this code, it shall be made in writing in the English language unless it is otherwise expressly provided." Section 38 provides: "Unless expressly otherwise provided, any notice required to be given to any person by any provision of this code may be given by mailing notice, postage prepaid, addressed to the person to be notified, at his residence or principal place of business in this State. The affidavit of the person who mails the notice, stating the facts of such mailing, is prima facie evidence that the notice was thus mailed."

The *Patton* opinion construed subdivision (i)(1) of section 11580.2. Prior to its amendment in reaction to the *Patton* opinion, that subdivision provided that an insured's cause of action would be preserved if, within one year, "Suit for bodily injury has been filed against the uninsured motorist, in a court of competent jurisdiction *and notice of such suit has been given the insurer* . . . ." (Italics added.) In *Patton*, the insured filed an action against the uninsured motorist within one year but did not notify the insurer in writing that she had filed suit. The court held that because the insured failed to give written notice of the lawsuit to the insurer within one year of the accident, her petition to compel arbitration was properly denied.

The court first observed that section 11580.2, subdivision (i)(1) was written in the conjunctive, requiring an insured within one year to file suit *and* give notice. (*State Farm Mut. Auto. Ins. Co.* v. *Patton, supra*, 194 Cal.App.3d at p. 631.) It then rejected Patton's claim that she complied with the statute by giving oral notice.[6]

The court stated, "We do not believe it is reasonable to construe the statute as permitting oral notice. The existence of a writing confirms the fact that notice was given and the contents of that communication, and, thus, precludes unnecessary litigation as to whether oral notice had ever been conveyed." (*State Farm Mut. Auto. Ins. Co.* v. *Patton, supra*, 194 Cal.App.3d at p. 632.) After quoting sections 8 and 38 of the Insurance Code, the *Patton* court concluded, "[I]n view of the salutary purpose of

---

[6] As evidence of oral notification, she submitted a declaration from a law clerk employed by her attorney who averred: " 'In the course of the handling of this lawsuit, I discussed this case with Warren Sherwood, the Claims Specialist at State Farm Mutual Automotive Insurance Company, on several occasions and informed Mr. Sherwood by telephone that the lawsuit against the uninsured motorist had been filed timely and that we were pursuing an uninsured motorist claim . . . .' " (*Id.* at p. 632, fn 4.)

requiring written notice, and the implied thrust of sections 8 and 38 that notice under the Insurance Code shall be in writing, we conclude that the Legislature intended that the notice required by section 11580.2, subdivision (i)(1) be given in writing." (194 Cal.App.3d 632.)

In 1989, in response to *Patton*, the Legislature amended section 11580.2, subdivision (i)(1) to delete the provision requiring notice to the insurer of the insured's suit against the uninsured motorist. In its place, the Legislature added section 11580.23 which provides that if suit for bodily injury has been filed against an uninsured motorist, "*notice in writing* of the suit shall be provided the insurer . . . within a reasonable time . . . but in no event shall that notice be required before one year from the date of the accrual of the cause of action . . . . *Failure of the insured . . . to give notice shall not be a basis for denial of the uninsured motorist benefits in the absence of proof of prejudice by the insurer.* [¶] (b) . . . It is the intent of the Legislature to abrogate the holdings in cases such as State Farm Mutual Auto. Ins. Co. v. Patton, 194 Cal.App.3d 626, to the extent that they are inconsistent with this section." (Italics added.)

It is clear that *Patton* is not inconsistent with the new statute to the extent that it requires notice to be in writing. Section 11580.23 also requires that notice be in writing. ■ Indeed, it is clear that *any* notice given pursuant to the Insurance Code is to be in writing. (§ 8.)

■ For an insurer to be absolved of its duty to notify the insured of the applicable statute of limitations, the insurer must have written notice that the insured is represented by an attorney. As the court observed in *Patton*, "a writing confirms the fact that notice was given and the contents of that communication, and, thus, precludes unnecessary litigation as to whether oral notice had ever been conveyed." (194 Cal.App.3d at p. 632.) This is particularly true in the instant case. From the record on appeal, we cannot tell who spoke to whom or precisely what topics were discussed.

■ Additionally, there is a strong state policy fostering and encouraging furnishing of uninsured motorist coverage. Cases uniformly hold that the statutes providing compensation for persons injured on the highways by uninsured motorists should be construed liberally in favor of coverage whenever possible to carry out the legislative objective. (See, e.g., *Campbell v. State Farm Mut. Auto. Ins. Co.* (1989) 209 Cal.App.3d 871 [257 Cal.Rptr. 542]; *Borders v. Great Falls Yosemite Ins. Co.* (1977) 72 Cal.App.3d 86 [140 Cal.Rptr. 33]; *Modglin v. State Farm Mut. Automobile Ins. Co.* (1969) 273 Cal.App.2d 693 [78 Cal.Rptr. 355].) *Patton*, in contrast, construed the statutory language in a manner which denied coverage to an innocent insured who had timely filed suit against the uninsured motorist. By partially

abrogating *Patton*, the Legislature again made clear its intent to construe the uninsured motorist act liberally in favor of coverage.

■   State Farm argues that a "[c]lose reading" of section 11580.2, subdivision (k) discloses that written notice of attorney representation is not required. It points out that in the first two sentences of subdivision (k), the Legislature demands notice in writing while in the final sentence it merely speaks of "garden-variety" notice. Thus, State Farm argues, this is a case where the Legislature "expressly provided" for other than written notice. We cannot agree. "Notice," unmodified, means written notice. (§ 8.) If the Legislature intends that some other form of notice will suffice, it must *expressly* so provide.

■   Finally, State Farm argues that the *parties* are mutually estopped from requiring written notice because they agreed to and accepted a different type of notice. Again, we disagree. The parties here are Emma Pugh and State Farm. Their last communication took place two months after the accident, at which time Pugh's husband informed State Farm that his wife was *not* represented by counsel.

An estoppel may be found when "a party has, by *his own* statement or conduct, intentionally and deliberately led another to believe a particular thing true and to act upon such belief . . . ." (Evid. Code, § 623, italics added.) The record here does not substantiate State Farm's claim that Pugh, by her own statement or conduct, led State Farm to believe she was represented by counsel. Because of the uncertainty shown by the record, if State Farm intended to rely on oral notice from an individual claiming to be Pugh's attorney, it was incumbent upon it to advise its insured *in writing* that it had "received notice that the insured is represented by an attorney" within the meaning of section 11580.2, subdivision (k). Upon receipt of the letter, the insured would have the opportunity to dispute the claim of attorney representation, if it were untrue. Then, if the insured did not respond, she would be estopped from demanding written notice. In that case, the insured, by *her own conduct* (in not disputing the claim of attorney representation), would have led the insurer to "believe a particular thing true and to act upon such belief."

We note that in ambiguous situations such as the present case, State Farm could always preserve its right to rely on the statute of limitations by providing its insured with written notice of the expiration of the statute of limitations.

The judgment is affirmed.

Agliano, P. J., and Premo, J., concurred.